FILED

17 APR 25 PM 1:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MPL         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA GLOVER,<br><br>    Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK,<br><br>    Defendant. | Case No.: 3:16-cv-01785-BEN-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY CASE AND COMPEL ARBITRATION** |

Before this Court is the Motion to Stay Case and Compel Arbitration filed by Defendant Comenity Capital Bank ("Comenity"). (Docket No. 18.) The motion is fully briefed. The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Motion is denied without prejudice to refile at the conclusion of the trial described in 9 U.S.C. § 4.

## BACKGROUND[1]

Plaintiff Marissa Glover alleges that, "[i]n or about 2015, an imposter opened an account with GameStop that was financed by Comenity" on her behalf without her

---

[1] The following overview of the facts are drawn from the allegations of the Complaint. (Docket No. 1.) The Court is not making findings of fact.

1

knowledge or consent. (*Id.* at ¶ 36.) She first learned of this account in mid-2015 (the "Account"). (*Id.* at ¶¶ 26, 36.) Plaintiff subsequently conducted an investigation and determined she was the victim of identity theft. (*Id.* at ¶ 27.) She unsuccessfully attempted to resolve the Account informally with Comenity. (*Id.* at ¶¶ 28, 35.) Even though she was attempting to resolve the issue, Comenity allegedly harassed Plaintiff with telephone collection efforts and demeaning collection letters. (*Id.* at ¶ 29.) As a result, Plaintiff claims she suffered various damages, including "attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials." (*Id.* at ¶ 34.)

## DISCUSSION

Comenity moves to compel arbitration asserting Plaintiff's claims are subject to an existing arbitration agreement between them. (Docket No. 18.) Comenity contends that Plaintiff opened the Account and agreed to its terms, and is thereby subject the arbitration agreement.

Section 2 of the Federal Arbitration Act ("FAA") states that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 demonstrates "'a national policy favoring arbitration' of claims that parties contract to settle in that manner." *Preston v. Ferrer*, 552 U.S. 346, 352–53 (2008) (citing *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984)).

Under Section 3 of the FAA, where an issue involved in a suit or proceeding is referable to arbitration under an agreement in writing, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. The language is mandatory, and district courts are required to order arbitration on issues as to which an

2

arbitration agreement has been signed. *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The role of the district court is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Arbitration is a matter of contract, and a party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994). A court must determine whether there is an agreement to arbitrate before ordering arbitration. *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996). In doing so, a court "should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Unlike determining the scope of the disputes covered by a valid arbitration agreement, in the face of silence or ambiguity a court presumes the parties intended a court to determine arbitrability. *Id.* at 944-45.

Here, Comenity asserts Plaintiff's claims must be arbitrated because she entered into a valid, enforceable arbitration agreement. To support this assertion, Comenity produced an employee declaration and supporting exhibits, including the arbitration agreement and some of Comenity's records of the Account. (Docket Nos. 18-1 to 18-3.) In her Opposition and supporting Declaration, Plaintiff responds that she is not required to arbitrate her claims because she "did not incur the charges at issue" and "did not agree to arbitrate such charges." (Pl.'s Opp'n at 4; Docket No. 19-1, Declaration of Marissa Glover ("Glover Decl.") ¶¶ 5-6.)

In its Reply, Comenity claims "Plaintiff does not dispute in her Opposition that she opened a Game Stop credit card account or that she entered into a credit card agreement ("CCA") with an arbitration clause." (Def.'s Reply at 2.) Comenity also contends "there is irrefutable evidence that Plaintiff opened the Game Stop credit account and the charges on the account were authorized by Plaintiff." (*Id.*) Comenity submitted an additional

employee declaration, the credit card application, some of the Account's statements from 2015, a personal money order, a transcript of a recorded conversation allegedly between a Comenity representative and Plaintiff in which the caller requests balance information, and Plaintiff's police report. (Docket Nos. 20-1 to 20-8.)

Comenity's arguments ignore the allegations in Plaintiff's Complaint that she did not open the Account. (Compl. ¶ 36.) That "Plaintiff's credit card account was applied for *in person* at the Game Stop retail store," is not inconsistent with Plaintiff's allegation that someone else opened the Account in her name. (Def.'s Reply at 3) (emphasis in original.) It is plausible that an imposter entered the Game Stop store using Plaintiff's personal information to obtain a credit card. Similarly, it is plausible that an imposter called Comenity using the same information to request balance information. Additionally, although Plaintiff made a reference to the Account as "Plaintiff's Game Stop Account" this is also not inconsistent with the allegations in her Complaint. (Pl.'s Opp'n at 2.) For all intents and purposes, the Account may be considered as belonging to Plaintiff by virtue of the fact that it is in her name. However, Plaintiff never admits that she opened the Account in her Opposition, and her Complaint makes it clear that she alleges that she did not.

Therefore, the Court finds that there is a genuine question of fact in need of resolution. Accordingly, the Court shall schedule a trial for resolution of these issues. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."). **The Court orders the parties to meet and confer and to file a joint proposed trial plan within two weeks of the date of this order.** The joint proposed trial plan shall address, *inter alia,* whether the trial shall be a jury trial or a bench trial, how long the trial is expected to take, when the parties would prefer trial to be scheduled, and what discovery is needed for trial.

///

///

4

## CONCLUSION

For the reasons set forth above, the Court **DENIES without prejudice** Defendant's Motion Stay Case and Compel Arbitration. As discussed above, within two weeks of the date of this order, the parties shall meet and confer, consult with the Courtroom Deputy regarding available trial dates, and file a joint proposed trial plan to adjudicate the issue of whether Plaintiff consented to the arbitration agreement.

**IT IS SO ORDERED.**

DATED: April 24, 2017

HON. ROGER T. BENITEZ
United States District Judge